FILED
U.S. DISTRICT COURT

2008 JUL -3  A 10:09

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID ALLEN HILLYARD, | |
| Plaintiff, | Case No. 2:07-CV-621 DB |
| v. | |
| SALT LAKE COUNTY METRO JAIL, | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | |

Plaintiff, David Allen Hillyard, filed this *pro se* civil rights suit under 42 U.S.C. § 1983, while confined in the Salt Lake County Metro Jail ("Metro Jail"). *See* 42 U.S.C.A. § 1983 (2008). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. This case is now before the Court for screening of the Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Sufficiency of the Complaint

Plaintiff's Complaint asserts a single claim of cruel and unusual punishment under the Eighth Amendment based on allegedly inadequate meals provided at the Metro Jail. Specifically, Plaintiff alleges that the meals contained less than 1900 calories per day, rather than 2900 calories per day as stated by jail officials and recommended by the American Correctional

2

Association. The Metro Jail is the sole defendant named in the Complaint. The Complaint seeks exclusively compensatory damages for mental and physical suffering caused by the allegedly deficient diet, and for violation of Plaintiff's civil rights.

Under the Eighth Amendment, prison officials must ensure "inmates receive the basic necessities of [nutritionally] adequate food . . . ." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998); see also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment," Thompson, 289 F.3d at 1222, where the prison officials demonstrated "deliberate indifference," Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 291 (1976). See also Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475 (1993). The Supreme Court has equated "deliberate indifference" with criminal recklessness, in which "a person disregards a risk of harm of which he is aware." Farmer v. Brennan, 511 U.S. 825, 836-37, 114 S. Ct. 1970 (1994).

Although Plaintiff clearly alleges a substantial deprivation of food, he has not alleged any facts showing deliberate indifference by specific defendants. In order for liability to arise under Section 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional

right must be established. See <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993). Not only does the Complaint here fail to identify the individuals directly responsible for the alleged deprivation, it does not allege facts showing that those individuals were subjectively aware of the condition but failed or refused to correct it. Such basic allegations are essential to an Eighth Amendment conditions-of-confinement claim. <u>Farmer</u>, 511 U.S. at 834.

Moreover, even assuming that Plaintiff can allege facts showing deliberate indifference, he must also name a proper defendant for this case to proceed. "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Northington v. Jackson</u>, 973 F.2d 1518, 1523 (10th Cir. 1992). The Metro Jail is not a suable "person" for purposes of Section 1983; instead, under Utah law, the Metro Jail is merely a subdivision of Salt Lake County and does not have the capacity to independently sue or be sued. See <u>Owens v. Rush</u>, 636 F.2d 283, 286 (10th Cir. 1980).

Finally, Plaintiff cannot simply substitute Salt Lake County as a defendant in place of the Metro Jail. A municipality may be

4

held liable under Section 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Thus, a municipality is liable only when an official policy is the "'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and deprivation of federal rights." Board of County Comm'rs v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388 (1997). In the absence of such specific allegations, naming Salt Lake County as a defendant would be futile.

### III. Conclusion

Given the fundamental deficiencies noted above, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted. However, it does not appear futile to give Plaintiff an opportunity to amend the complaint. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Thus, if Plaintiff is able to cure the deficiencies noted in this order he may file an amended complaint within thirty days. Failure to do so will result in this case being dismissed in its entirety.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **dismissed** for failure to state a claim on which relief can be granted;

(2) Plaintiff may file an amended complaint within thirty days from the date of this Order; and,

(3) if an amended complaint is not timely filed in accordance with this Order the Clerk of Court shall summarily close this case.

BY THE COURT:

DATED this 30th day of June, 2008.

_____
DEE BENSON
United States District Judge